[No. 6975.  Decided December 7, 1907.]

## L. L. BOGARD, *Respondent*, v. D. E. BARTRUFF *et al.*, *Appellants*.[1]

APPEAL—REVIEW—VERDICT—SUFFICIENCY OF EVIDENCE. A verdict for $477.50, the exact amount claimed on a first cause of action, will not be set aside on appeal as contrary to the evidence from the fact that the plaintiff's proof showed no such sum due on such cause of action, where the amount admitted to be due on the first cause of action, added to the amount claimed by the plaintiff upon a second cause of action, supported by his evidence, came to $477.40; since the verdict might have been arrived at by such computation, and ten cents is too small a discrepancy to be noticed by the courts.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered June 3, 1907, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Bugge & Swartz*, for appellants.
*H. M. White* and *R. W. Greene*, for respondent.

DUNBAR, J.—The second amended complaint, the only complaint which is before this court for consideration, declares, on

[1]Reported in 92 Pac. 778.

a first cause of action, for wages from September 3, 1903, to November 16, 1906, $477.50; the second cause of action, for overtime from July 1, 1904, to November 6, 1906, $328.50. Against this complaint the appellants interposed a motion to strike and a demurrer to the complaint, both of which were overruled. Thereafter appellants answered, the answer admitting that there was $135.10 due the respondent on the first cause of action, and denying *in toto* the second cause of action. The respondent testified that, on July 1, 1904, his salary, which theretofore had been $25, was raised at the suggestion of the appellant D. E. Bartruff to $30 per month, and that he had informed the appellant that he would charge him for overtime, the contract, according to his statement, being that he should work from twelve o'clock midnight until one o'clock the next day. The answer of the appellants admitted the services rendered, but alleged that the contract price was $25 per month during all the time the services were rendered, excepting one month, during which time it was admitted that the respondent was to receive a salary of $30, and denied that any demand had been made for overtime. A reply was interposed to this answer, and the cause proceeded to trial to a jury, with the result that a verdict was rendered in favor of the respondent for the sum of $477.50.

Assignments of error are to the effect that the court erred in refusing appellants' motion to strike the second amended complaint; in overruling appellants' motion for nonsuit as to respondent's first cause of action; in denying appellants' motion for nonsuit as to respondent's second cause of action; in denying appellant's motion for an instructed verdict in favor of appellants; in denying appellants' motion to dismiss, as against the appellant Maud Bartruff; in overruling appellants' motion for a new trial; and the eighth assignment is that the verdict and judgment are not sustained by the evidence. The complaint in this action is brought so plainly within the provisions of the statute that there does not seem

to be any merit in the contention that the court erred in deny-
ing the motion to strike or in overruling appellants' demur-
rer. All the other alleged errors may be discussed under the
eighth assignment, viz., that the verdict and judgment are
not sustained by the evidence.

It is contended by the appellants that, inasmuch as the
·verdict was for $477.50 and that inasmuch as $477.50 was
the amount demanded in the first cause of action, the jury must
have ignored the second cause of action and have allowed the
full amount demanded in the first cause of action; and that,
inasmuch as the testimony does not sustain the respondent in
his demand for $477.50 on the first cause of action, the verdict
was necessarily wrong. The plaintiff testified that there was
due him on his first cause of action $463.60, and on his second
cause of action $328.50. If the jury believed the testimony
of the respondent to the effect that he had notified the appel-
lant that he would charge him for overtime, and believed his
testimony in regard to overtime which he claimed to have
worked—there really being no proof that the plaintiff did not
work the number of hours that he claimed to have worked
overtime—and had added to the $328.50 legal interest on that
amount for which they sued, from the time the services were
rendered until the date of the trial, which would have been
$13.80, and $135.10, the amount admitted to be due on the
first cause of action, it will be seen that it would have amounted
to $477.40, or within ten cents of the amount of the verdict
rendered, which is too small a discrepancy for the court to
take notice of, and would thereby account for the verdict of
the jury on a proper computation. It is contended by the
appellants that this is a strained theory of construction, but
under all the testimony in this case it seems to us to be a rea-
sonable one.

There are also other theories not necessary to mention
which would reasonably account for the amount of the verdict.
The testimony reported to this court is exceedingly meager,

being in narrative form, and the accounts were not kept in the most approved manner; but they were submitted to the jury; and from such accounts, together with the oral testimony in the case, it arrived at the conclusion expressed in the verdict. We should not too closely scan the processes of computation used by jurors in coming to conclusions; but in this case the verdict, as we have seen, was not inconsistent with the proofs, the motion for a new trial was passed upon by the court who presided at the case and heard the testimony, and we do not feel justified, under such circumstances, in disturbing the verdict rendered, it not being the province of this court to try the case *de novo*.

So far as the claim is concerned that the court erred in denying appellants' motion to dismiss, as against the appellant Maud Bartruff, the wife of appellant D. E. Bartruff, we think the testimony of Mrs. Bartruff is conclusive that she was a party interested, and that the services rendered were for her benefit as a member of the community.

The judgment is affirmed.

HADLEY, C. J., ROOT, MOUNT, CROW, RUDKIN, and FULLERTON, JJ., concur.